IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CR-30211-DWD |
| | ) |
| CHARMONEQUETTE J. REYNOLDS, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING EARLY
TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge**:

In 2014, Defendant Charmonequette J. Reynolds pled guilty to two counts for Conspiracy to Interfere with Commerce by Robbery (Counts 1 and 2) in violation of 18 U.S.C. § 1951, and one count for Carry and Use of a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count 3) (Doc. 56, Doc. 60). On February 17, 2015, Reynolds was sentenced to a total of 68 months imprisonment[1], to be followed by a 3-year term of supervised release (Doc. 92). Reynolds was further ordered to pay $10,465.00 in restitution (*Id.*). In addition to the standard conditions of supervised release, Reynolds was ordered to participate in substance abuse and mental health treatment as directed by the probation department (*Id.*).

On January 12, 2021, Reynolds filed his *pro se* Motion for Early Termination of Supervised Release (Doc. 100). Reynolds asks the Court to terminate his supervised

---

[1] Reynolds was sentenced to 30 months each on Counts 1 and 2, to be served concurrently, and 38 months imprisonment on Count 3, to be served consecutively to the term imposed on Counts 1 and 2 (Doc. 92).

release approximately seven (7) months early (*Id.*).  Reynolds states that he has satisfied all additional terms of his supervised release and is rehabilitated (*Id.*).  Reynolds is a homeowner, has maintained consistent employment, and is a youth mentor (*Id.*).

On February 2, 2021, the Government filed its Response (Doc. 102) after consulting with the United States Probation Office.  The Government agrees to the early termination of Reynolds' supervised release (*Id.*).  The Government represents that Reynolds served his 68-month imprisonment without incident and began his term of supervised release on August 31, 2018 (*Id.*).  The term is set to expire on August 31, 2021 (*Id.*).  Reynolds has completed the required substance abuse and mental health programs, has passed all requested drug tests, and no further services are recommended (*Id.*).  Reynolds' probation officer advised that Reynolds has been employed full-time at a transgender outreach center in Atlanta, Georgia for over a year, and continues to make consistent monthly payments of $100.00 a month towards the restitution amount owed. (*Id.*).  Reynolds has paid a total of $4,375.55 (*Id.*).  The remaining balance owed can be collected by the USAO Financial Litigation Unit after Reynolds is discharged from supervised release (*Id.*).  The Government states that this will be required regardless of whether Reynolds is discharged early because there is likely to be a remaining restitution balance in August 2021 (*Id.*).

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1), which says that, after considering a number of factors, the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" so long as the Court is "satisfied

2

that such action is warranted by the conduct of the defendant released and the interest of justice."

Federal Rule of Criminal Procedure 32.1 normally requires a hearing before a term of supervised release can be modified, but no hearing is necessary if: the person waives the hearing; or the relief sought is favorable to the person and does not extend the term of supervised release, and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so. *See* FED. R. CIV. P. 32.1(c)(1). No hearing is required here because the relief sought is favorable to Reynolds and the United States has not asked for a hearing.

The Court **FINDS**, pursuant to 18 U.S.C. § 3583(e)(1), that Reynolds has completed more than one year of supervised release and that early termination of the remainder of his supervised release is in the interest of justice and is warranted, as the defendant is unlikely to benefit from further supervision. Upon consideration of the factors set forth in 18 U.S.C. § 3553, the Court **GRANTS** Reynolds' Motion for Early Termination of Supervised Release (Doc. 100), and **ORDERS** that Reynolds' supervised release be terminated, effective immediately.

**SO ORDERED.**

Dated: February 4, 2021

_____
DAVID W. DUGAN
United States District Judge